```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------X

AIRA MANIQUIZ by his Guardian and Natural
Parent Alain Maniquiz,

                      Plaintiff,                    12 Civ. 7034

    -against-                                       OPINION

MOHAMED KROUMAH and MCI TAXI,

                      Defendants.

-------------------------------------------X

A P P E A R A N C E S:
```

*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #:*
*DATE FILED: 1-13-14*

Attorney for the Defendants MOHAMED KROUMAH and MCI TAXI

MARJORIE E. BORNES LLP
330 West 34th Street
New York, NY 10001
By: Marjorie E. Bornes, Esq.

Attorney for Plaintiff AIRA MANIQUIZ

FISHBEYN & BRISKIN, PC
150 Broadway, Suite 808
New York, NY 10038
By: Alexander Fishbeyn, Esq.

**Sweet, D.J.**

Defendants Mohamed Kroumah ("Kroumah") and MCI Taxi ("MCI") (collectively, "Defendants") have moved pursuant to Fed. R. Civ. P. 56 for summary judgment against Plaintiff Aira Maniquiz ("Maniquiz" or "Plaintiff").

For the reasons set forth below, Defendants' motion is denied.

**Procedural History & Facts**

Plaintiff filed his initial Complaint on September 19, 2013. This action arises out of an automobile accident which occurred on 58th Street and Fifth Avenue on June 30, 2012. At the time, Plaintiff was eight years old and visiting New York with his father and siblings.

The parties disagree as to the exact events of the incident.

According to Defendant Kroumah, at the time of the accident he was driving passengers and his taxi was "going eastbound on 58th street." (Ex. E., §4, Form MV104.) He was

headed to the Upper East Side and had stopped for the light at Fifth Avenue and when it turned green he proceeded uptown at about ten miles per hour. (Defendants' Memorandum, "Def. Mem."; at 2.) He saw that three pedestrians were waiting for the light, but no one was in the middle of the street when he proceeded through the intersection. (*Id.*) At this point, Kroumah maintains that "a pedestrian ran out into the middle of the street, disobeying the traffic signal and struck [his taxi]" from behind. (*Id.*) Kroumah asserts that Plaintiff "ran into the street," outside of the crosswalk and against the light, and ran into the back of his bumper. (Ex. C., 56:18-23 ("Pedestrian hit my car. He run [sic] middle of the street and hit bumper in the back").) The impact purportedly took place outside the crosswalk after the Fifth Avenue intersection. (Def. Mem. at 2.) When the police arrived, Kroumah told them that the Plaintiff was running behind him, between him and the car in back of him. (Ex C.) At Kroumah's deposition, he testified that although he did not see the accident occur, he heard a "boom," which he believed was the sound of another car hitting his taxi, or two other cars colliding. (Ex. C., 65:8-11, 68:3-8 ("When I heard the sound, I stopped the brake, look and I was not seeing nobody so I thought a car hit behind me").) Defendant stopped driving about 20-30 feet after the "boom," when a passerby stopped his vehicle and waved him down, shouting

"stop, stop, stop." (Ex. C., 81:14-82:9.) Kroumah acknowledges that the "first time" he saw Plaintiff was not until after the accident. (Ex. C., 56:6-10.) Defendant maintains that witnesses and the police agreed with his account of the accident, where Plaintiff ran into the street outside of the crosswalk, but has not provided any written reports or testimony from either the police or witnesses corroborating his account. (Def. Mem. at 2.) When shown a diagram and asked where the accident occured, Defendant indicated that Plaintiff crossed the street outside of the crosswalk. (Ex. B.)

Plaintiff, in contrast, says that he looked in front of him before crossing the street and saw that no cars were coming. (Ex. A., 24:3-9.) Maniquiz maintains that he was standing on the southern corner of East 58th Street and facing north, such that "in front of [him]" would include a peripheral view of Fifth Avenue and 58th Street to the west, Fifth Avenue and the sidewalks in front of him to the north, and a peripheral view of East 58th Street to the east. (*Id.*) When shown a diagram and asked where he crossed the street, he marked a line indicating that he crossed at the crosswalk. (Ex. B.)

**The Applicable Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> [summary] judgment . . . shall be rendered forthwith if the pleadings, depositions, answer to the interrogatories, and admission on file, together with the affidavits, if any, show there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56.

Summary judgment is granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *SCS Commc'ns, Inc. v. Herrick Co.,* 360 F.3d 329, 338 (2d Cir. 2004). In determining whether a genuine issue of material fact does exist, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Gibbs-Alfano v. Burton,* 281 F.3d 12, 18 (2d Cir. 2002).

In addition, courts do not try issues of fact on a motion for summary judgment, but rather, determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). "Unsupported allegations do not create a material issue of fact." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000). "The mere existence of a scintilla of evidence in support of the nonmoving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for" the plaintiff. *Andaya v. Atlas Air, Inc.*, No. 10 CV 7878, 2012 WL 1871511, at *2 (S.D.N.Y. Apr. 30, 2012).

### I. Defendants' Motion is Denied Because There Exists A Genuine Issue of Material Fact

Defendants maintain that summary judgment is appropriate because a driver such as Kroumah with the right of way is entitled to assume that others will obey the traffic rules, *see DeJesus v. Alba*, 63 A.D.3d 460 (1st Dep't 2009), and when a pedestrian has not abided by the traffic rules, such as when he crosses outside the cross walk or against the light, courts have recognized that the driver is not liable for the

resulting collision. *See Brown v. City of New York*, 237 A.D.2d 398 (2d Dep't 1997) (driver is free of any actionable negligence as a matter of law where the pedestrian did not cross in the cross-walk or with the light). Because Kroumah maintains that Maniquiz did not cross with the light or in the cross-walk in violation of New York's Vehicle and Traffic Law Sections 1111 and 1150, and because Kroumah was proceeding with traffic at 10 miles per hour in accordance with all relevant traffic laws, Defendants assert that there is no basis for actionable negligence. *See id.; see also Wolbe v. Fishman*, 29 A.D.3d 785 (2d Dep't 2006) (driver who hit six year old bicyclist was not liable because infant had entered roadway without yielding the right of way and rode into defendants' vehicle); *Palmieri v. Spies*, 69 A.D.2d 968 (3rd Dep't 1979) (same); *Koziarz v. NYC Transit*, 89 A.D.3d 609 (1st Dep't 2011) (same).

While there is no actionable negligence where a plaintiff disobeyed traffic laws and a defendant exercised reasonable care, summary judgment is inappropriate when there is a factual dispute as to that fundamental issue. Defendants' cited precedent involves cases where no such factual dispute existed, or where there was a conflict in the evidence and so the courts left that determination to a jury. For instance, in *Brown*, the plaintiff did not provide his own account of how the

accident happened, and did not dispute the facts as they were presented in the papers by the defendant. 237 A.D.2d at 398. Similarly, in *Wolbe*, the court granted defendants' motion to dismiss because plaintiff failed to raise a triable issue of fact as to whether the defendant driver was operating his vehicle in other than a prudent and reasonable manner under all of the circumstances. 29 A.D.3d at 785. Both *Palmieri*, 69 A.D.2d at 968, and *Koziarz*, 89 A.D.3d at 609, are inapposite, as both cases proceeded to trial because there were conflicting accounts as to the facts regarding the relevant incident. *See Palmieri*, 69 A.D.2d at 968; *Koziarz*, 89 A.D.3d at 609. In both cases, the Appellate court ultimately determined that the jury could reasonably have found that the accident was unavoidable and the defendant was not at fault. *See id.*

In contrast, here, Plaintiff disputes that he violated any traffic law, and instead maintains that he crossed with the light inside the cross-walk at the time of the incident and that he was "struck" by Kroumah's vehicle. Because there still exists a material dispute as to where the impact of the accident occurred, namely whether plaintiff was crossing inside or outside of the cross-walk and whether plaintiff was crossing with the light, summary judgment is inappropriate. *See Andre v. Pomeroy*, 362 N.Y.S.2d 131, 133 (1974) ("When the suit is founded

on a claim of negligence, [a party] will generally be entitled to summary judgment only in cases in which there is no conflict at all in the evidence [or] the defendant's conduct fell far below any permissible standard of due care."); *see also Romeo v. DeGennarro*, 680 N.Y.S.2d 235 (1998) (reversing trial court's grant of summary judgment because the plaintiff's affidavit concerning the circumstances of the accident differed from the evidence set forth by defendants, leaving questions of fact as to the location of the automobile when the driver first had an opportunity to see plaintiff and whether he used reasonable care to avoid hitting her).

**Conclusion**

For the reasons set forth above, Defendants' motion for summary judgment is denied.

It is so ordered.

**New York, NY**
**December 27, 2013**

_____
ROBERT W. SWEET
U.S.D.J.